**Edna E. HELMICK and William R. Helmick, Plaintiffs/Appellants,**

v.

**NORTHWAY CENTER ASSOCIATES, Henry Allen Bartlett, Properties Ten Management Corp., and Family Dollar Stores, Inc., Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 1, 1991.

Permission to Appeal Denied by Supreme Court Sept. 23, 1991.

Gene Hallworth, Columbia, for plaintiffs/appellants.

Doyle E. Richardson, Christina Henley Duncan, Manchester, Dalton M. Mounger, DuBois & Mounger, Columbia, for defendants/appellees.

## OPINION

CANTRELL, Judge.

The sole question in this appeal is whether the uncontroverted facts in the record show that the appellant was contributorially negligent when she tripped and fell on the appellees' premises. The trial judge so held and granted summary judgment to the appellees. We affirm.

### I.

Family Dollar Stores, Inc. operates a store in the Northway Shopping Center in Columbia. The store entrance is two steps above the level of the parking lot immediately in front of the store and one step above the sidewalk. Approaching the store from either direction on the sidewalk customers walk up a gently sloping ramp to the door level. Approaching from the parking lot directly in front of the door, however, customers must step up one step to the sidewalk level and then another to the highest point of the ramp at the door level. Since the ramp slopes both ways from its highest point, the second step up from the parking lot gets progressively shorter the farther away from the center of the door a customer approaches.

The plaintiff, Edna Helmick, parked her car and approached the Family Dollar Store from the parking lot. She stepped up on the sidewalk level with her left foot intending to step up on the ramp with her right foot. Instead, she stumped her toe and fell, suffering personal injuries.

Mrs. Helmick sued the store, the landlord and the property manager alleging that they were negligent in the design, construction and maintenance of the ramp.

After taking Mrs. Helmick's deposition, all defendants filed a motion for summary judgment. Mrs. Helmick countered with the affidavit of an architect and her own affidavit. The architect's affidavit contained his opinion that the sidewalk and ramp created a danger to the public. He said the two-step approach from the front was dangerous because the public did not expect to encounter a second step after stepping onto the sidewalk. In addition, the slope of the ramp made the second step's height vary depending on where a customer approached from the parking lot.

In Mrs. Helmick's deposition, she said she approached the store from the parking lot in front and stepped up on the "curb" with her left foot. When she attempted to step up on the ramp with her right foot, she stumped her toe and fell. She admitted that she saw the second step. When asked what caused her to stumble over the second step, she replied, "Well, evidently, I didn't get my foot high enough." Later she said, "I don't know why I didn't [lift her foot high enough]. Not that there was anything wrong, I just misjudged."

The trial judge filed a memorandum opinion in which he expressed some doubt about the record supporting a finding of negligence on the part of the defendants. But, more importantly, he found that the uncontradicted proof showed that Mrs. Helmick was guilty of contributory negligence as a matter of law. Accordingly, he dismissed the action.

## II.

 Summary judgments may be granted in cases involving purely legal issues. They may not be used to resolve factual disputes, *Jones v. Home Indemnity Co.,* 651 S.W.2d 213 (Tenn.1983), but Rule 56.03, Tenn.R.Civ.P., says the judgment sought should be issued "forthwith" if the record before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

After a period of reluctance to grant summary judgments in negligence cases, *Bowman v. Henard,* 547 S.W.2d 527 (Tenn. 1977), the courts have found Rule 56 to be useful in weeding out claims where the undisputed facts show an absence of negligence, *Ayers v. Rutherford Hospital,* 689 S.W.2d 155 (Tenn.App.1984), a failure to prove proximate cause, *Wyatt v. Winnebago Industries, Inc.,* 566 S.W.2d 276 (Tenn. App.1977), or the presence of contributory negligence, *Rollins v. Winn Dixie,* 780 S.W.2d 765 (Tenn.App.1989).

In this case we agree with the trial judge that the undisputed facts show that Mrs. Helmick was guilty of contributory negligence. As she approached the front of the store she saw the two steps. She knew that she had to step up once more after stepping up to the sidewalk. She had no explanation for why she stumped her toe on the second step. She was not distracted or prevented from taking care for her own safety. We think reasonable minds could only come to the conclusion that Mrs. Helmick's accident resulted from her own negligence.

We affirm the judgment below and remand the case to the Circuit Court of Maury County. Tax the costs on appeal to the appellants.

TODD, P.J., and FRANKS, J., concur.