**Delila J. BUSH, Plaintiff/Appellant.**

v.

**EXCHANGE MUTUAL INSURANCE COMPANY, Jack B. Kelly, Jr., and Sam W. Sheddan, d/b/a Kelly–Sheddan Adjusters, Defendants/Appellees.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

July 9, 1993.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 25, 1993.

Timothy Joel Williams, Kendall Reeves, Memphis, for plaintiff, appellant.

J. Cecil McWhirter, Warren D. McWhirter, Memphis, for defendants, appellees.

TOMLIN, Presiding Judge (Western Section).

Delila J. Bush ("plaintiff") brought suit against Exchange Mutual Insurance Company and others ("Exchange" or "defendants") in the Circuit Court of Shelby County. She sought to recover the amount of damage she sustained as a result of vandalism on property she owned which was insured by Exchange[1]. Exchange filed a motion for summary judgment, contending that the plaintiff violated two policy provisions, each of which justified judgment for Exchange as a matter of law. Exchange contended that plaintiff (1) failed to file a proof of loss within the sixty day time period provided by the policy and (2) failed to file the present suit within one year after the date of the inception of the loss. The trial court granted Exchange's summary judgment motion. The issue presented on appeal by plaintiff is whether the trial court erred in granting summary judgment for Exchange. We hold that the trial court did so err, and reverse and remand for a trial on the merits.

This case comes to us on summary judgment granted to Exchange by the trial court. There appear to be no material issues of fact. Under these circumstances, the issue that we have before us are questions of law to be reviewed *de novo* by this court. *Helmick v. Northway Center Associates*, 817 S.W.2d 323, 325 (Tenn.App.1991).

In addition to the pleadings, we have in the record answers to interrogatories filed by plaintiff, as well as plaintiff's deposition, taken by defendants' counsel. In December 1989, plaintiff owned residential rental property located at 1193 Fiber Road, Memphis. At that time Exchange insured the property, providing fire and extended coverage, with limited coverage for damage from vandalism. The policy was to be in effect through January 1990. On or about December 11, 1989,

---

1. Suit was also filed against Jack B. Kelly, Jr. and Sam W. Sheddan, d/b/a Kelly–Sheddan Adjusters. However, the principal defendant is Exchange.

plaintiff received a notice by mail from the managing real estate agent that tenants in the property had been evicted for non-payment of rent. Her son inspected the property on the following day. At that time, he discovered that vandals had damaged the property. As a result of this discovery the vandalism claim was reported to defendant Kelly–Sheddan Adjusters on December 14, 1989. While the record does not reflect who reported the claim, presumably Exchange reported it to Kelly–Sheddan after plaintiff had reported the loss to Exchange.

Robert Boothe, a handyman-repairman plaintiff employed, met defendant Sam Sheddan at the property on or about December 18, 1989. At that time, Boothe gave Sheddan an oral estimate that repairs would run about $2,500. He indicated that he was going to send an itemized estimate to Sheddan; however, he did not. On or about February 6, 1990, Boothe telephoned Sheddan and advised him there was additional damage to the property and that he was sending a repair estimate of approximately $11,000.

On March 8, 1990, Sheddan, on behalf of Kelly–Sheddan Adjusters and as agent for Exchange, wrote a letter to plaintiff which related the above-stated scenario and advised her that her policy:

> has a ten day vacancy clause which means that any vandalism occurring after a vacancy of ten days is not covered by your policy.
> We inspected the property with Mr. Boothe on December 18, 1989 after the property was vacated on December 06, 1989. The Insurance Company would have no liability for any damage that occurred after December 16, 1989. This policy also does not provide any theft coverage.
> It is our opinion that the Exchange Mutual Insurance Company would be liable for no more than $2,500.00.

Plaintiff acknowledged that she received this letter. She further testified in her deposition that in early March 1990 she was sent a claim form entitled "Sworn Statement and Proof of Loss," completely filled out and ready for her signature, which represented that the total amount of the loss amounted to $2,500. Because plaintiff claimed there was more damage inflicted than the amount reflected in this proof of loss, she declined to execute and return it to Exchange or Kelly–Sheddan. It is undisputed that plaintiff did not file a sworn proof of loss. Nothing further transpired until plaintiff filed her complaint against Exchange and others on December 14, 1990.

Defendants' motion for summary judgment, to which they contended they were entitled as a matter of law, is based on the following grounds:

1. This lawsuit was not filed within twelve months after inception of the loss as required by the conditions of the policy of insurance.

2. There was no proof of loss filed by plaintiff as required by the conditions of the policy of insurance.

In granting summary judgment, the trial court simply noted "that the motion is well-taken and should be granted," without setting forth a specific reason.

We will deal with the two grounds raised by defendants independently. The relevant policy provision in Exchange's policy to this issue is as follows:

> **Requirements in case loss occurs.** The insured shall give immediate written notice to this Company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; **and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, ...**

■ This brings us to the question of whether plaintiff breached the insurance contract by failing to file a proof of loss within the sixty day period. On or about December 8, 1989, plaintiff was advised that her property had become vacant. On or about December 12, 1989, plaintiff, through her son,

learned that the vandalism had occurred. Plaintiff made a claim for the vandalism, which was reported to Exchange's adjuster on December 14, 1989. On December 18, 1989, Exchange's adjuster, Sam Sheddan, met plaintiff's repairman at the premises, where the amount of damage, as then ascertained, was discussed. On February 6, 1990, plaintiff's repairman telephoned Sheddan to advise that there would be forthcoming a new estimate in the amount of approximately $11,000. Admittedly, no written estimate was sent. On March 8, 1990, Sheddan wrote a letter to plaintiff advising her of his opinion that Exchange would not be liable to plaintiff for any amount in excess of $2,500. No request was made in that letter for the filing of a written proof of claim. However, sometime during the month of March 1990, plaintiff received from Exchange's adjuster a completed sworn proof of loss, prepared for her execution, which stated her claim to be in the amount of $2,500. Because plaintiff believed that her claim was much greater than that amount, she declined to send in this proof of loss.

It is Exchange's position that plaintiff failed to fully comply with this condition of the policy and therefore no coverage would be afforded her. We are of the opinion that this contention is without merit. First, there is no question about timely notice being given to Exchange. Within a day or two after notice was received, Exchange notified its adjuster, who inspected the damaged premises in the company of plaintiff's repairman, who gave a preliminary estimate of damages to the adjuster. This was on December 18, 1989. Some six weeks later, on February 6, 1990, plaintiff's repairman telephoned the adjuster to advise him that the damage estimate was being increased to approximately $11,000.

We are of the opinion that our conclusions in this case are governed in large measure by *McKimm v. Bell*, 790 S.W.2d 526, 530 (Tenn. 1990). In *McKimm*, plaintiffs never submitted a written proof of loss, as required by the liability insurance policy involved. It was noted in *McKimm* that nonetheless, Allstate, the company involved, had the opportunity to interrogate plaintiffs fully concerning the details of the accident and the nature and extent of the injuries and damages to the automobile. The court also noted that there was no showing of any prejudice to Allstate from the inaction of plaintiffs. We feel that the same is true under the facts of the case before us.

In addition, we think that by virtue of the actions of Exchange's adjusters, the sixty day provision for filing proof of loss as a condition precedent to recovery was waived by Exchange. We make this observation based upon the facts already noted, along with two additional facts—first, we note that the sixty day period for filing proof of loss would expire on or about February 10, 1990. We find in the record a letter dated March 8, 1990 from Exchange's adjusters to plaintiff which stated in substance that based upon the inspection by adjuster Sheddan and the initial oral estimate of damages given to him by plaintiff's repairman in December 1989 of $2,500, that Exchange would be liable for no more than that amount. The letter also indicates that a copy of same was received by Exchange on March 13, 1990. Exchange neither disavowed the accuracy of this letter nor did it contradict its contents. In addition, sometime during the month of March plaintiff received a completed proof of loss, sent to her for her signature, in the stated amount of $2,500. Both the letter and the proof of loss were sent to plaintiff by Exchange's adjuster some ninety days after the established date of loss. In our opinion, the requirement of the filing of a proof of loss by an insured as a condition precedent to retaining coverage was waived by these acts. *See Georgia Home Insurance Co. v. Jones*, 23 Tenn.App. 582, 135 S.W.2d 947, 952 (1939); *Williams v. Home Fire & Marine Ins. Co. of California*, 25 Tenn.App. 351, 157 S.W.2d 845, 846 (1941).

■ Exchange also raises the objection that this lawsuit was not filed within twelve months after inception of the loss. Based upon the record, the earliest date plaintiff would have known of the loss is December 11, 1989, and the latest date is December 12, 1989. Suit was not filed until December 14, 1990, more than one year after either of the two above dates.

In *Hill v. Home Insurance Co.*, 22 Tenn. App. 635, 125 S.W.2d 189, 192 (1938), the Middle Section of this Court established that (1) a provision limiting suit or action on a policy of insurance to "twelve months next after the date of loss" means twelve months "after the cause of action accrues," and (2) the provision for the furnishing of a proof-of-loss by the insured to the company within sixty days of the date of the loss has the effect of affording the company immunity from suit for a period of sixty days, and to that extent postpones the accrual of the insured's cause of action under the policy.

These principles have been applied by this Court in several unreported cases, holding that in a policy of this type the insured has 14 months from the date of loss in which to file suit. Applying these principles from *Hill* to the case at bar, plaintiff's suit was due to be filed on or before February 10, 1991. The filing date of December 14, 1990 is well before this date. Accordingly, we find this issue to be without merit, as well.

For the reasons hereinabove stated, the judgement of the trial court granting summary judgment to defendants is reversed. This cause is remanded to the Circuit Court of Shelby County for a trial on the merits. Costs in this cause on appeal are taxed to defendants, for which execution may issue if necessary.

CRAWFORD and FARMER, JJ., concur.

