IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 4, 2008 Session

## RAYMOND COX and ELAINE COX v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

Direct Appeal from the Chancery Court for Campbell County
No. 15,389      Hon. Billy Joe White, Chancellor

No. E2007-00590-COA-R3-CV  - FILED FEBRUARY 9, 2009

The Plaintiffs sued defendant insurance company alleging breach of the insurance policy between the parties. The Trial Court granted partial summary judgment to defendant on the contents coverage on plaintiffs' home destroyed by fire. The judgment was granted on the grounds that the plaintiffs did not file a proper proof of loss of the contents within the time frame required by the policy, and that defendant was prejudiced thereby. The partial summary judgment is the principal issue on appeal and we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for appellants, Raymond and Elaine Cox.

Michael R. Campbell and Kathryn M. Russell, Chattanooga, Tennessee, for appellee, Tennessee Farmers Mutual Insurance Company.

**OPINION**

Plaintiffs sued Tennessee Farmers Mutual Insurance Company (Tennessee Farmers) for breach of insurance contract, violation of the Tennessee Consumer Protection Act, and constructive fraud and bad faith. Plaintiffs' complaint avers that on or about May 23, 2000 the plaintiffs' home was damaged by an accidental fire causing a loss of the house and contents, and that Tennessee Farmers provided coverage to them for loss caused by fire to the dwelling, other

structures, personal property, and loss sustained for debris removal and damage to landscaping, and that Tennessee Farmers breached the contract of insurance by failing, in bad faith, to pay plaintiffs' claims. Tennessee Farmers answered and alleged that plaintiffs had breached the contract of insurance by failing to comply with the provisions of the contract in their making a claim for fire loss under the policy.

Numerous motions and further pleadings were filed and acted upon by the Trial Judge, which are not an issue on appeal.

Tennessee Farmers motion for partial summary judgment under Coverage C of the policy relating to plaintiffs' contents claim was heard by the Trial Judge on December 6, 2005. The Trial Court granted defendant's motion for partial summary judgment on a finding there were no material facts in dispute, and that defendant was entitled to judgment as a matter of law. The Court denied plaintiffs' claim for contents coverage. The Court explained that plaintiffs did not file their completed proof of loss until more than seven months after they filed their incomplete proof of loss form in July 2002, and more than nine months after the fire itself, and that there was no excuse for this delay. The Trial Court granted plaintiffs an interlocutory appeal which was not perfected by plaintiffs. The Trial Court tried the remaining issues and based upon the evidence presented at trial the Trial Court held in its final judgment entered on February 12, 2007, that plaintiffs were entitled to recover $18,375.00 for damages to landscaping, $15,000.00 for debris removal, $2,000.00 for damages to the swimming pool, and $27,079 for loss of the dwelling under Coverage A and $5,686.63 in prejudgment interest. The final judgment is not raised as an issue on appeal, and the issue on appeal is the propriety of the partial summary judgment granted on Coverage C of plaintiffs' policy.

A certified copy of the policy was filed and parts of the policy pertinent to this appeal are as follows:

**Coverage C - Personal Property**

What Personal Property is Covered
We cover:
1. Personal property owned or used by an insured anywhere in the world.

**REPORTING A CLAIM**
**DUTIES OF PERSON OR ENTITY SEEKING**
**COVERAGE**
**FAILURE TO COMPLY WITH THESE NOTICE AND DUTY REQUIREMENTS MAY RESULT IN DENIAL OF COVERAGE UNDER THIS POLICY**

**Duty to Cooperate with Us**

Person and entities seeking coverage under this policy must:

1.  cooperate with us and anyone we name in the investigation, settlement, or defense of any claim or suit; and

\* \* \* \*

7.  make a list of all damaged . . . property showing in detail the quantity, purchase price, date and place of acquisition, actual cash value, replacement cost, and amount of loss claimed and attach to such list all bills, receipts, and related documents that substantiate the figures in the list; and

8.  send to us within 60 days after loss the list set forth in 7 above and a proof of loss signed and sworn to by a person or entity seeking coverage . . . .

In the motion for partial summary judgment, Tennessee Farmers filed affidavits and supporting documents which established that plaintiffs initially submitted proof of loss within sixty days of the loss, but the proof of loss was incomplete and contained no information about the inventory of personal contents loss under coverage C of the policy. Without an itemized list of personal property contents, Tennessee Farmers represented that it was unable to inspect the fire site to determine whether the claimed contents were in the dwelling at the time of the fire. Tennessee Farmers rejected the initial proof of loss, and returned the incomplete proof of loss to plaintiffs by letter on July 24, 2000, from Mr. Campbell to Mr. Cox which advised that the proof of loss was incomplete and unacceptable, and the letter included instructions providing the information that needed to be included in the proof of loss. The letter instructed plaintiffs to complete the proof of loss, have it notarized, and return to the insurer and admonished that "no exceptions will be considered in your claim" and that "if the conditions of your insurance contract are not met, your claim could be put in jeopardy."

The Coxes submitted a completed sworn proof of loss to Tennessee Farmers that included a claim for loss of personal contents under Coverage C on February 22, 2001, nine months after the fire loss. A seventy-two page inventory of contents was attached to the proof of loss, and another affidavit by Tennessee Farmers explained the consequence of the delay in completing the proof of loss as follows: "At this point [February 22, 2001] there was no way for Tennessee Farmers to inspect the site of the fire loss to determine whether the personal property/contents claimed to have been destroyed were in the dwelling prior to the fire." Plaintiffs submitted the affidavit of Raymond Cox with its response to the motions for summary judgment, as to the motion on Coverage C. The affidavit fails to state that the affidavit is made on the personal knowledge of Mr. Cox. *See* Tenn. R. Civ. P. 56.06. The facts set out in the affidavit material to the Coverage C issue are that Mr. Cox stated that he cooperated as fully as possible to expedite payment of his claims, including signing documents allowing Tennessee Farmers to conduct an investigation and authorizing the insurer to conduct scheduled and escorted inspections of the premises. He did not state when he performed these activities, but that he made demand for payment of his claims by "my sworn proof

of loss and many oral demands within 90 days of my loss . . . ."

Regarding the proof of loss, Mr. Cox stated the following:

My first proof of loss I provided to the defendant was returned to me without explanation except that it was not complete. I provided the defendant a supplement to my original proof of loss after receiving a complete copy of my policy, which was necessary to accurately determine my content coverage and how to correctly fill out the forms. I was directed to give the supplemented proof of loss to the defendant's claim representative who again would not receive it. Further, the defendant's agent assured my they would pay and that I need not file suit.

Mr. Cox did not state in his affidavit when he produced the second proof of claim. Plaintiffs attached numerous documents to their "Plaintiffs' Response to Defendant's Motions for Partial Summary Judgment." However, the record reveals plaintiffs failed to put these documents properly before the Trial Court. Tenn. R. Civ. P. 56.06 requires that supporting and opposing affidavits shall set forth facts as would be admissible in evidence. The documents plaintiffs sought to use to support their response were all hearsay and they were not authenticated and made admissible under the Tennessee Rules of Evidence. *See Price v. Becker*, 821, S. W. 2d 597, 598 (Tenn. Ct. App. 1991). Both parties raise issues on appeal. The issues presented on appeal are:

A.      Does the Court of Appeals have jurisdiction to review and consider the grant of summary judgment regarding plaintiffs' claim for contents under C Coverage when plaintiffs' notice of appeal states that the appeal is of the final judgment entered on February 12, 2007 and does not state that the partial summary judgment entered on January 18, 2006 is appealed?

B.      Did the Trial Court err when it granted defendant's motion for partial summary judgment on plaintiffs' claim for contents under C Coverage because plaintiffs failed to submit a proof of loss more than seven months after they were provided with the proof of loss form?

Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists to be resolved by the trier of fact. *Byrd,* 847 S.W.2d at 215, *Staples v. CBL & Assoc., Inc*. 15 SW3d 83, 89 (Tenn. Ct. App. 2000). This Court reviews a summary judgment motion *de novo*, as a question of law without a presumption of correctness. *Finister v. Humboldt General Hosp., Inc.*, 970 S. W. 2d 435, 437 (Tenn. 1998), and the evidence and

all reasonable inferences are viewed in the light most favorable to the nonmoving party. *Byrd*, 847 S. W. 2d at 210-211.

The first issue for consideration is Tennessee Farmers' contention that the Court of Appeals does not have jurisdiction over this appeal because the notice of appeal filed by plaintiffs/appellants did not specifically designate the partial summary judgment regarding Coverage C entered by the Trial Court.

Tennessee Farmers' argues that "[i]n order to obtain appellate review, the appellant must specify in the Notice of Appeal the Judgment or Order from which relief is sought." In support of this contention, Tennessee Farmers relies on Tenn. R. App. P. 3 (f); *Hall v. Hall,* 772 S.W.2d 432, 435 (Tenn. Ct. App. 1989); and several unreported cases. Appellants argue the notice of appeal encompasses all of the orders of the Trial Court despite the fact that the notice only designated the final judgment, and additionally urged the Court to exercise leniency regarding their failure to designate the January 18, 2006 order granting partial summary judgment in favor of Tennessee Farmers because they filed the notice *pro se*.

When considering this issue this Court has focused on whether the "notice function" of Tenn. R. App. P. 3(f) has been served, to determine whether the scope of review must be limited to the order designated in the notice of appeal. In *Thompson v. Logan,* No. M2005-02379-COA-R3-CV, 2007 WL 2405130 (Tenn. Ct. App. Aug. 23, 2007), Judge Cottrell conducted a thorough review of the Tennessee case law on the application of Tenn. R. App. P. 3(f) that is instructive. In that case the trial court entered an order on the merits of the case and later entered an order denying the appellants' motion to alter or amend. Appellants filed a notice of appeal on September 23, 2005 that designated the June 20, 2005 and August 29, 2005 orders by date and substance. The appeal was premature, however, as a motion for sanctions was still before the trial court at the time the notice was filed. The trial court entered an order in regard to the motion for sanctions on December 12, 2005. *Thompson,* at *9. The appellants neither amended the notice of appeal nor did they file another notice of appeal that designated the December 12, 2005 order as one of the orders being appealed. They did, however, raise the December 12, 2005 order as an issue on appeal in their brief along with the other orders.

The *Thompson* Court began its analysis with Tennessee Rules of Appellate Procedure Rule 3(f) that states:

> The notice of appeal shall specify the party or parties taking the appeal, ... shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

The *Thompson* Court referenced the Advisory Committee Comments to Rule 3(f)

that states:

> This subdivision specifies the content of the notice of appeal. The purpose of the notice of appeal is simply to declare in a formal way an intention to appeal. As long as this purpose is met, it is irrelevant that the paper filed is deficient in some other respect. Similarly, the notice of appeal plays no part in defining the scope of appellate review. Scope of review is treated in rule 13. This subdivision read in conjunction with rule 13(a) permits any question of law to be brought up for review as long as any party formally declares an intention to appeal in timely fashion.

The Court interpreted the Comments to Rule 3(f) to suggest that compliance with that provision should be determined under a broad interpretation that focuses on intent and noted that, as the commentary indicates, Rule 13 often comes into play in the Court's consideration of the efficacy of notices of appeal. Rule 13(a) governs the scope of review on appeal and provides that "any question of law may be brought up for review and relief by any party." Tenn. R. App. P. 13(a). The Court then consulted the Advisory Committee Comment to Rule 13(a) that states:

> This subdivision **rejects use of the notice of appeal as a review-limiting device**. In federal practice the notice of appeal has limited review in two principal ways. Some courts have limited the questions an appellant may urge on review to those affecting the portion of the judgment specified in the notice of appeal. However, since the principal utility of the notice of appeal is simply to indicate a party's intention to take an appeal, this limitation seems undesirable. The federal courts have also limited the issues an appellee may raise on appeal in the absence of the appellee's own notice of appeal. Here again, since neither the issues presented for review nor the arguments in support of those issues are set forth in the notice of appeal, there seems to be no good reason for so limiting the questions an appellee may urge on review. **The result of eliminating any requirement that an appellee file the appellee's own notice of appeal is that once any party files a notice of appeal the appellate court may consider the case as a whole.** (emphasis added).

The Court then reviewed multiple cases where the Court of Appeals had considered questions regarding the sufficiency of a notice of appeal and observed that most of the cases indicated either a strict application of Rule 3(f) or else an approach declining to use that rule as an issue-limiting device and concentrating instead on the purpose of the notice of appeal. *Thompson,* *12.

The *Thompson* Court, held that the appellate court could consider issues contained in orders or judgments that were not specifically designated in the notice of appeal, and declined to interpret Tenn. R. App. P. 3(f) as an issue-limiting device. Cases relied on by the *Thompson* Court

that are most factually similar to the case before us are *Gliddon v. Glidden*, No. 86-320-II, 1987 WL 9452 at \*1-2 (Tenn. Ct. App. Apr. 16, 1987); *and J.W.G. v, T.L.H.G.,* No. M2002-02656-COA-R3-JV, 2003 WL 22794537 at \*3 (Tenn. Ct. App. Nov. 25, 2003).

Tennessee Farmers cites *Grigsby v. Univ. Tenn. Med. Ctr.*, No. E2005-010199-COA-R3-CV, 2006 WL 408053 (Tenn. Ct. App. Feb. 22, 2006) and *Goad v. Pasipanodya,* No. 01A02-9509-CV-00426 1997 WL 749462 at \*2 (Tenn. Ct. App. Dec. 5, 1997) to support its contention that Rule 3 (f) should be narrowly construed. These cases are easily distinguishable from this case, as *Thompson* points out, because both cases involved separate orders, each immediately appealable, dismissing independent defendants, and the holding of each was about the timing of the filing of the notice of appeal and not about the content of the notice of appeal. *Thompson* 2007 WL 2405130 at \* 15 - 16. We conclude this issue is without merit and rely on the *Thompson* case's analysis.

The next issue is the propriety of the summary judgment on Coverage C. The Trial Court in granting partial summary judgment stated that plaintiffs did not file their completed proof of loss until more than seven months after the submission of the proof of loss form to them by Tennessee Farmers in July 2000 and more than nine months after the fire. The Court found that the record contained no excuse for this delay, and granted the judgment.

Plaintiffs argue the judgment should be reversed because they had raised issues of material fact in their response to Tennessee Farmers' statement of material facts not in dispute with a document styled "Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment and Plaintiffs' Motion to Revise the Court's Previous Rulings Pursuant to Rule 54.02" and a "Supplemental Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment [Under] Coverage C". Plaintiffs do not cite to or rely on their response to Tennessee Farmers' statement of material facts not in dispute that they filed in December 2005 along with the supplemental response to defendant's motion in their brief. Plaintiffs claim that the documents they do rely on identified papers and statements that contradicted the facts set forth in Tennessee Farmers' statement of material facts not in dispute, which made summary judgment inappropriate.

Tennessee Farmers argue that plaintiffs' responses to its statement of material fact not in dispute were improper and should not be considered. The Trial Court did not accept plaintiffs' first attempt to respond to Tennessee Farmers' statement of material facts not in dispute or its second response as it held there were no material facts in dispute. We conclude that the second response was not sufficient to met the requirements of Tenn. R. Civ. P. 56.03 as it responded to fourteen facts when defendant had only set forth nine material facts. The earlier response to defendant's statement of material facts set forth in the document entitled "Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment and Plaintiffs' Motion to Revise the Court's Previous Rulings Pursuant to Rule 54.02" has two deficiencies. The first is that none of the documents attached to that response would be admissible in evidence as required by Tenn. R. Civ. Pro. 56.06 as they are all hearsay and were not authenticated by Mr. Cox or anyone else by affidavit. Second, the response

filed in 2003 was superceded by plaintiffs' December 2005 response to defendant's statement of material facts. The December response stated that only two of defendant's nine stated material facts were disputed. The remaining seven material facts were undisputed.

Accordingly, both responses to defendant's statement of material fact are problematic and it was within the Trial Court's discretion not to consider these responses. The purpose of the requirements of Tenn. R. Civ. P. 56.03 is to "assist the Court in focusing on the crucial portions of the record" in determining whether there is a genuine issue requiring a trial on the merits. *See* Advisory Committee Comment to Tenn. R. Civ. P. 56.03. We have held that a nonmoving party's failure to comply with Rule 56.03 may result in the trial court's refusal to consider the factual contentions of the nonmoving party even though such facts could be ascertained from the record. *Owens v. Bristol Motor Speedway, Inc.* 77 S.W.3d 771, 774 (Tenn. Ct. App.,2001)(citations omitted).

A trial court, acting within its discretion, may waive the requirements of the Rule 56.03 under certain circumstances. *Owens* at 774 - 775. There is no indication here that the Trial Court considered or did not address the issue of waiver in its order. The Record shows the Trial Court held there were no issues of material fact, and based on the poor quality and confusing nature of plaintiffs' responses to defendant's statement of material facts and considering the discretionary nature of the decision in the Trial Court's discount of plaintiffs' responses as they did not comport with Rule 56.03, it was not error.

Assuming *arguendo* that the Court considered responses filed in December 2005, the response was not sufficient to raise issues of material fact. The issues central to the Court's evaluation of a motion for summary judgment are whether a factual dispute exists, whether the disputed fact is material to the outcome of the case, and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn.1993). Plaintiffs disputed only two of the material facts, numbers 2 and 9, set forth by defendant. Plaintiffs' response to number 2 states: "[d]isputed that Plaintiffs failed to provide timely authorization" because defendant had stated in an earlier filed document that it had received both authorizations and permission on May 30, 2000, and June 1, 2000, respectively." This response is apparently, but not certainly, relative to defendant's statement of material facts not in dispute number 2 that the Coxes had failed to provide immediate authorizations to Tennessee Farmers necessary to its investigation of their financial condition and background and had failed and refused to provide Tennessee Farmer access to the loss site for the purposes of conducting a cause and origin investigation." But most importantly, the fact that the Coxes may or may not have cooperated with Tennessee Farmers' cause and origin investigation soon after the fire is not material to the issues raised by the motion for summary judgment on Coverage C. Only the issue of the delay in providing the proof of loss is material to this motion.

Plaintiffs also apparently disputed defendant's statement regarding when Tennessee Farmers was able to inspect the site of the fire loss to determine if the contents claimed to have been

-8-

destroyed were in the dwelling prior to the fire. Plaintiffs' exact response number 9 is: "Disputed. Inspection of the fire scene was undertaken by the Defendant on June 8, 2000" as stated by Tennessee Farmers' in an earlier filed document. This response is deceptive because Tennessee Farmers was allowed by plaintiffs to inspect the premises on June 8, 2000 as part of its cause and origin investigation. Paragraph 9 of defendant's statement of material facts is that it could not inspect for evidence that the contents claimed were present before the fire because it did not receive the proof of loss of contents until nine months after the fire. The cause and origin investigation on June 8th and the contents investigation that never occurred were not the same. Mr. Smith established in his affidavit that the content investigation could not occur until after the proof of claim of contents loss was provided because he needed to look for evidence that the items claimed had been in the dwelling at the time of the fire. Without a list of the contents claimed to be damaged he would not know what to look for. Accordingly, plaintiffs did not create a genuine issue of material fact regarding the investigation on the contents claim under Coverage C and the Trial Court correctly found that the responses did not raise material issues of fact in dispute.

Moreover, the Trial Court should not have considered the nine exhibits attached to the "Supplemental Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment Coverage C" as plaintiffs/appellants urge this Court to do. The documents consisted of (1) a letter from Vickie Knight to Mr. Cox; a November 14, 2000 letter from Mr. Cox to Tennessee Farmers; a November 13, 2000 letter from Mr. Knolton to Mr. Cox; a September 12, 2000 letter from Mr. Knolton to Mr. Judson; a January 5, 2001 letter from Mr. Knolton to Mr. Cox; an April 3, 2001 letter from Mr. Knolton to Mr. Judson; an April 27, 2001 letter from Mr. Knolton to Mr. Judson; a May 8, 2001 letter from Mr. Knolton to Mr. Judson; and a March 8, 2001 letter from Mr. Knolton to Mr. and Mrs. Cox.

These documents, like the documents attached to "Plaintiffs' Response to Defendant's Motion for Partial Summary Judgment and Plaintiffs' Motion to Revise the Court's Previous Rulings Pursuant to Rule 54.02" are not admissible in evidence as they have not been authenticated. Tenn. R. Civ. P. Rule 56.06 provides:

> Supporting and opposing affidavits shall be made on personal knowledge, such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . .

Plaintiffs merely attached these nine documents to their memorandum, and did not have the documents authenticated by affidavit. *See Dalton v. Dale,* No. M2002-01205-COA-R3-CV, 2003 WL 726669 (Tenn. Ct. App. Mar. 4, 2003). *See also Price v. Becker*, 812 S. W. 2d 597, 598 (Tenn. Ct. App. 1991).

The subject policy of insurance requires the insured to provide Tennessee Farmers a proof of loss within sixty days of the loss in the cooperation section of the policy. It is undisputed that plaintiffs did not provide a complete proof of loss for contents under coverage C until nine months after the fire and that coverage for loss of contents was denied due to plaintiffs' tardiness. The only excuse for delay offered by plaintiffs is that Tennessee Farmers did not send a certified copy of the policy to plaintiffs until more than six months after the fire. The plaintiffs do not explain why a certified copy of the policy was necessary before they could proceed with preparing a proof of loss or why the copy of the policy Ms. Knight sent to plaintiffs in July 2000 did not suffice. In their last analysis, plaintiffs argue Tennessee Farmers, by its actions, waived the sixty day provision in the policy and is estopped from relying on the sixty day provision to justify denial of coverage under Coverage C. The insured's failure to produce a sworn proof of loss within the time period required in the policy is fatal to the claim unless the conditions are waived by the insured. *Central National Ins. Co. Of Omaha v. Mfr's. Acceptance Co.,* 544 S. W. 2d 362, 364 (Tenn. 1976). The Supreme Court in that case found that the plaintiff, who had failed to file a proof of loss as required by the policy of insurance, had "breached material conditions of the policy". The Court explained:

> [Plaintiff] has failed, without excuse, to file a sworn proof of loss and has refused to respond to repeated requests of insurer that he make himself available to the Company for discussion of the alleged loss. The policy clearly requires that he perform these acts, and conditions the liability of the Company upon their performance. The breach of such conditions, unless waived by the insurer, prevents a recovery upon the insurance contract; and, there is no such waiver here. The filing of the requisite proof of loss may obviate the necessity for giving notice of loss, but the giving of notice of loss does not satisfy the requirement that proof of loss be filed.

*Central National,* 544 SW2d at 364 (internal citations omitted).

Tennessee Farmers relies on *Scot v. Exchange Mut. Ins. Co.*, No. 86-45-11, 1986 WL 6276 (Tenn. Ct. App. Jun. 4, 1986)(*aff'd* 1987 WL 15298 (Tenn. Aug. 10, 1987), a factually similar case to this case. In that case, the insurer argued that the delay in filing a proof of loss was prejudicial to the insurer and continued this failure resulted in the forfeiture of plaintiffs' right to recover. This Court agreed and explained how the insurer was prejudiced by the late filing of the proof of loss as follows:

> [T]he adjuster was not able to make . . . an appraisal of loss of personal property by an examination of the remains. In order to make an intelligent examination and verification of loss of personal property, it was necessary for him to have a list of the property lost and its claimed value so that he might search the ruins for evidences of the existence of such property, its value and its damage. Only plaintiff was in a position to furnish such a list, and plaintiff delayed six months and one day. During

-10-

such a period, in the ordinary course of events, the remains of personal property would probably be so disturbed or altered by the vandals or curiosity seekers as to seriously impair ability of defendant to verify the claim of plaintiff.

*Scott* at * 7.

Here, Tennessee Farmers has shown through the affidavit of Mr. Smith, that it was unable to assess whether the contents claimed in the late filed proof of loss were actually in the dwelling at the time of fire as nine months had passed since the fire and plaintiffs did not properly contest this statement by affidavit. However, plaintiffs argue that Tennessee Farmers waived the sixty day proof of loss provision by its actions. They rely on *Bush v. Exchange Mut. Ins. Co.* 866 S.W.2d 575 (Tenn. App. 1993). While *Bush* certainly explains the rule that under certain circumstances the actions of an insurer will constitute waiver of the cooperation provisions of a policy of insurance, plaintiffs' reliance on the nine documents that were attached to their supplemental opposition to defendant's motion for summary judgment as support for their contention of waiver were not considered by the Trial Court, and as we held were not properly put before the Trial Court and are not admissible in evidence. Here the plaintiffs failed to respond with proof to create a genuine issue of material fact regarding the waiver of the policy provisions by Tennessee Farmers. Accordingly, we affirm the partial summary judgment as to coverage found by the Trial Judge. We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed one-half to plaintiffs and one-half to defendant.

_____
HERSCHEL PICKENS FRANKS, P.J.

-11-