## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 15, 2017 Session

## JULIA PUTNAM ET AL. v. JOHN W. LEACH ADMINISTRATOR AD LITEM OF THE ESTATE OF BRYANE R. LITSINBERGER

**Appeal from the Circuit Court for Shelby County**
**No. CT-000415-16  Mary L. Wagner, Judge**

_____

### No. W2017-00728-COA-R3-CV

_____

This is a personal injury case involving a motor vehicle accident. The alleged tortfeasor died subsequent to the injury-causing accident. The plaintiffs were unaware of the decedent's death and commenced this suit naming him as a defendant. Some months later, after learning of the decedent's death, the plaintiffs sought the appointment of an administrator ad litem in the Probate Court and amended their complaint naming the administrator ad litem as a party as required by the survival statute. The defendant filed a motion to dismiss arguing that the plaintiffs' complaint was not properly filed until after the expiration of the applicable statute of limitations.  The trial court agreed and granted the defendant's motion to dismiss. The plaintiffs timely appealed. Having concluded that the plaintiffs did not properly commence their lawsuit within the time afforded by the applicable statute of limitations, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOE G. RILEY, SP. J., joined.

Louis P. Chiozza, Jr., and Christopher W. Lewis, Memphis, Tennessee, and Steven R. Walker, Oakland, Tennessee, for the appellants, Julia Putnam and Charles Putnam.

Bradford D. Box, W. Christopher Frulla, and Dale Conder, Jr., Memphis, Tennessee, for the appellee, John W. Leach Administrator Ad Litem of the Estate of Bryane R. Litsinberger.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

This appeal arises from the trial court's grant of a motion to dismiss, based upon its conclusion that the one-year statute of limitations in this personal injury case expired before the suit was properly commenced against the decedent/alleged tortfeasor's personal representative. The underlying facts are as follows.

On February 2, 2015, Julia Putnam and Bryane Litsinberger were involved in a motor vehicle accident, allegedly caused by the negligence of Mr. Litsinberger. On January 4, 2016, Mr. Litsinberger died. On February 2, 2016, unaware of Mr. Litsinberger's death, Ms. Putnam and her husband Charles Putnam (together, "Appellants") filed a Complaint against Mr. Litsinberger in connection with the accident.

Several months after filing their original Complaint, Appellants became aware that Mr. Litsinberger had died prior to the date of the filing of the Complaint.[1] After learning of the death and that no estate had been opened for Mr. Litsinberger, Appellants petitioned the probate court to appoint an administrator ad litem to receive process.[2] On October 21, 2016, the probate court appointed attorney John W. Leach as administrator ad litem for the estate of Mr. Litsinberger.

On October 31, 2016, the Appellants filed an "Amended Complaint" naming John W. Leach, administrator ad litem of the estate of Bryane R. Litsinberger ("Appellee," or "Defendant") as the defendant. On December 13, 2016, the "Defendant's Motion to Dismiss" was filed by the Estate of Bryane R. Litsinberger pursuant to Tennessee Rule of Civil Procedure 12.02(6), averring that the action was not properly commenced within the applicable statute of limitations period. On February 7, 2017, Appellants filed their response opposing Appellee's motion to dismiss.

Following a hearing, by order of March 10, 2017, the trial court granted the Appellee's motion to dismiss. The trial court explained its reasoning as follows:

---

[1] Although service was returned on February 26, 2016 by Appellants' attorney's process server with a note indicating that Mr. Litsenberger was deceased, Appellants' attorney did not read the note until July 18, 2016, when Ms. Putnam called asking about the status of her case.

[2] An administrator ad litem may be appointed by the court when there is no executor or administrator of the estate to receive service. Tenn. Code Ann. § 30-1-109; *Estate of Russell v. Snow*, 829 S.W.2d 136, 137 (Tenn. Ct. App. 1992) (stating that when there is no personal representative of a deceased tortfeasor upon whom process can be served, the plaintiff is entitled to have appointed an administrator ad litem).

[T]he Court finds that Bryane R. Litsinberger died prior to Plaintiffs filing suit, and the Plaintiffs failed to file suit against the Administrator Ad Litem of The Estate of Bryane R. Litsinberger within the time prescribed by Tennessee Code Annotated §§ 28-1-110 and 20-5-103. The Court found that pursuant to [Tennessee Code Annotated] § 28-1-110, the one-year statute of limitations applicable to this suit was tolled for a period of six months following the death of Bryane R. Litsinberger. Following the six month tolling period, the statute of limitations recommenced, and Plaintiffs failed to file suit against the Administrator Ad Litem of The Estate of Bryane R. Litsinberger prior to the expiration of the statute of limitations

Appellants timely appealed.

## ISSUES PRESENTED

Appellants raise the following issues for our review, which we restate as follows:

1.  Whether the trial court erred in granting Appellee's motion to dismiss based upon the expiration of the statute of limitations when Appellants were allegedly not aware of the death until after they filed the original complaint?

2.  Whether the estate lacked standing to file a motion to dismiss?

Appellee raises the following issues:

3.  Whether Appellants waived their lack of standing argument?

4.  Whether the trial court was correct in concluding the statute of limitations barred the Appellants' claims?

## STANDARD OF REVIEW

A succinct statement of the standard for reviewing a trial court's dismissal pursuant to Tenn. R. Civ. P. 12.02 was provided in *Harman v. University of Tennessee*, 353 S.W.3d 734 (Tenn. 2011):

In determining the sufficiency of a complaint, we must construe it in the plaintiff's favor, by taking all factual allegations in the complaint as true and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. The determination of whether the facts, as set forth in the complaint, constitute a

cause of action presents a question of law, and, accordingly, our review is *de novo* with no presumption of correctness.

*Id.* at 736–37 (citations and internal quotation marks omitted).[3]

## DISCUSSION

The dispositive issue in this appeal is whether or not the trial court properly applied Tennessee Code Annotated § 20-5-103, commonly referred to as the survival statute, in conjunction with the one-year statute of limitations applicable in this personal injury case, and Tennessee Code Annotated Section 28-1-110, in concluding that Appellants failed to timely commence this suit against the deceased tortfeasor's personal representative. Appellants argue that the one-year statute of limitations period did not begin to run until Appellants had actual notice of Mr. Litsinberger's death on July 18, 2016, when they reviewed the note on the returned summons. Appellants rely on the discovery rule to support their position. As discussed in detail below, we conclude that Appellants' application of the discovery rule and understanding of the survival statute are in error.

For clarity purposes, we will begin with a brief background discussion of the "discovery rule," and its inapplicability to the facts of this case. We follow with an analysis of the survival statute as it applies in conjunction with the statute of limitations and Tennessee Code Annotated Section 28-1-110 in this case. Ultimately, we agree with the trial court that Appellants failed to timely commence this action and dismiss this case.

## I. DISCOVERY RULE AND THE STATUTE OF LIMITATIONS

Appellants commenced this action for personal injuries allegedly caused by the negligence of Mr. Litsinberger as a result of a motor vehicle accident, which occurred on February 2, 2015.[4] Appellants argue that the trial court erred in dismissing their suit

---

[3] In their brief, Appellants summarily assert that "[s]ince material outside the pleadings was presented to the Trial Court, the motion to dismiss is to be considered under the standards applicable to a motion for summary judgment." The Appellants do not indicate what information outside the pleadings was presented. Our review of the record reflects that the motion to dismiss was granted based on the untimeliness of the commencement of Appellants' suit. The trial court held that it based its ruling upon the pleadings and the applicable statutes. Accordingly, we apply the standard applicable to an appeal from a motion to dismiss.

[4] For convenience, the relevant timeline of this case is as follows. On February 2, 2015, Ms. Putnam and Mr. Litsinberger had a motor vehicle accident allegedly caused by Mr. Litsinberger's negligence. On January 4, 2016, Mr. Litsinberger died. On February 2, 2016, Appellants filed their complaint and issued a summons naming Mr. Litsinberger as a party. On February 26, 2016, the summons was returned to Appellants' attorney with a note from Appellants' process server stating that Mr. Litsinberger had died. On July 18, 2016, Ms. Putnam contacted her attorney's office, prompting her

- 4 -

based upon the statute of limitations. Specifically, Appellants contend, based on their interpretation of the "discovery rule," that the one-year statute of limitations period for personal injury did not commence until Appellants had actual notice of Mr. Litsinberger's death; although, the accident that allegedly caused Ms. Putnam's injuries undisputedly occurred on February 2, 2015. We disagree.

In Tennessee, the statute of limitations requires a plaintiff to file a claim for personal injuries within one year of the accrual of the cause of action. Tenn. Code Ann. § 28-3-104. However, the so-called "discovery rule" acts to protect a plaintiff suffering from latent injuries by delaying the commencement of the statute of limitations period until the plaintiff knows, or reasonably should know, enough information concerning his or her injuries to bring a claim. *See Teeters v. Currey*, 518 S.W.2d 512, 517 (Tenn. 1974).[5] Thus, under the discovery rule, an action does not "accrue," thereby commencing the running of the statutory period for filing a claim, until "the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered." *See Mills v. Booth*, 344 S.W.3d 922, 927 (Tenn. Ct. App. 2010). The Tennessee Supreme Court has explained:

> A cause of action in tort does not accrue until a judicial remedy is available. A judicial remedy is available when (1) a breach of a legally recognized duty owed to plaintiff by defendant (2) causes plaintiff legally cognizable damage. A breach of a legally cognizable duty occurs when plaintiff discovers or 'reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced... the injury; and (2) the identity of the defendant who breached the duty.'… It is not required that the plaintiff actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a right of action; **the plaintiff is deemed to have discovered the right of**

---

attorney's paralegal to discover that the summons had been returned with the above note stating that Mr. Litsinberger had passed away. On October 21, 2016, Appellants petitioned the probate court to appoint a personal representative for Mr. Litsinberger's estate. On October 31, 2016, Appellants filed an amended complaint naming the personal representative as the defendant.

[5] In 1974, in *Teeters v. Currey*, the Tennessee Supreme Court adopted the discovery rule. 518 S.W.2d at 512. In *Teeters*, after giving birth, a woman was advised by her physician to undergo surgery to avoid future pregnancies due to health complications. *Id*. The physician/defendant negligently performed the surgery and the woman became pregnant again, and ultimately she gave birth to a premature baby with severe health complications. *Id*. After a second surgery several years later, the woman was informed by her new doctor that the first physician had negligently performed the first surgery. *Id*. at 513. The Court held that the action accrued, commencing the running of the statute of limitations period, when the woman learned of her first doctor's negligence after the second surgery, rather than when she became pregnant for the second time. *Id*. at 517. Specifically, the Court stated "the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and due diligence for his own health and welfare, should have discovered the resulting injury." *Id*.

- 5 -

**action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.**

*Terry v. Niblack*, 979 S.W.2d 583 (Tenn. 1998) (emphasis added).

The following example illustrates facts which warranted the application of the discovery rule. In October 1975, a dentist with serum hepatitis infected his patient by negligently allowing his blood to intermingle with the patient's blood during a dental procedure. *Foster v. Harris*, 633 S.W.2d 304, 304 (Tenn. 1982). In January 1976, the patient was diagnosed with serum hepatitis, but was unaware of the source of the infection. *Id*. In July 1976, the patient returned to his dentist's office and was informed that his dentist was likely the source of the infection. *Id*. The complaint was filed on February 11, 1977, but the trial court dismissed the complaint having concluded that the statute of limitations began when the patient became infected during the dental procedure in October 1975. *Id*. The Tennessee Supreme Court applied the discovery rule in concluding that the injury "accrued," thus commencing the statute of limitations, in July 1976. The Court stated its reasoning as follows:

> In this case, neither the injury nor the tortfeasor who perpetrated the injury were discovered until July 21, 1976. All that plaintiff discovered in January was the name of the disease. That discovery did not reveal that he contracted it through a negligent act or who the tortfeasor might be.

*Id*.

Unlike in *Foster v. Harris*, Appellants in this case were fully aware of the nature and cause of Ms. Putnam's injuries on the date of the accident. All of the facts relevant to the commencement of the running of the statute of limitations were known on February 2, 2015. These known facts, among other things, include that there was an accident involving Ms. Putnam and Mr. Litsinberger on Austin Peay Highway in Memphis when Mr. Litsinberger crossed the center line and struck Ms. Putnam's vehicle. In the Complaint, Appellants aver that Ms. Putnam was injured because of the accident, and Mr. Litsinberger violated several traffic laws in causing the accident. Appellants were aware of the necessary facts to file a complaint against Mr. Litsinberger on the date of the accident. Because Appellants were aware of facts sufficient to put them on notice that Ms. Putnam suffered an injury as a result of Mr. Litsinberger's conduct, the statute of limitations commenced on February 2, 2015. The discovery rule is not applicable to the facts of this case to delay the commencement of the statute of limitations until July 18, 2016, when Appellants determined Mr. Litsinberger had passed away.

## II. THE SURVIVAL STATUTE, TENNESSEE CODE ANNOTATED SECTION 28-1-110, AND THE STATUTE OF LIMITATIONS

Appellants filed their Complaint against Mr. Litsinberger on February 2, 2016, within one year of the date of the motor vehicle accident that gave rise to Appellants' claims. However, Mr. Litsinberger died on January 4, 2016. We now turn briefly to explain the survival statute and its application in this case.

Under the common law, when a tortfeasor died before suit was instituted against him or her, the cause of action abated, and an injured plaintiff was unable to recover. *See* Tenn. Code Ann. § 20-5-103; *Mid-South Pavers, Inc. v. Arnco Const., Inc.*, 771 S.W.2d 420 (Tenn. Ct. App. 1989). However, the survival statute, also referred to as the anti-abatement statute, now provides a remedy and specific steps to be followed by an injured plaintiff to pursue a claim against a deceased tortfeasor. Tenn. Code Ann. § 20-5-103. Specifically Tennessee Code Annotated § 20-5-103 provides that:

> In all cases where a person commits a tortious or wrongful act causing injury or death to another, or property damage, and the person committing the wrongful act dies before suit is instituted to recover damages, the death of that person shall not abate any cause of action that the plaintiff would otherwise have had, but the cause of action shall survive and may be prosecuted against the personal representative of the tortfeasor or wrongdoer.

The survival statute "does not create a new cause of action, but simply preserves a cause of action against a tortfeasor who subsequently dies." *Goss v. Hutchins*, 751 S.W.2d 821, 823–24 (Tenn. 1988) (citation omitted). "Since the statute defines the exclusive remedy and the steps to be taken to secure it, those steps must be strictly followed." *Vaughn v. Morton*, 371 S.W.3d 116, 120 (Tenn. Ct. App. 2012) (quoting *Brooks v. Garner*, 194 Tenn. 624, 254 S.W.2d 736, 737 (Tenn. 1953)). Significant to this appeal, the survival statute requires that the action against the deceased tortfeasor be filed against the personal representative of the tortfeasor. *See* Tenn. Code Ann. § 20-5-103; Tenn. Code Ann. § 30-1-109; *Goss*, 751 S.W.2d at 824 (stating that an action preserved by the survival statute may only be instituted against the personal representative of the tortfeasor); *Vaughn*, 371 S.W.3d 116, 120 ("The cause of action survives only against the personal representative of the tortfeasor or wrongdoer."). When no estate is opened for a tortfeasor, the plaintiff must petition the court to appoint an administrator ad litem to serve as the defendant in the deceased tortfeasor's place. *Vaughn*, 371 S.W.3d 116, 120 (citing Tenn. Code Ann. § 30-1-109).

A plaintiff must also file suit within the temporal perimeters established by the survival statute,[6] Tennessee Code Annotated § 28-1-110, and the statute of limitations applicable to the plaintiff's claim.[7] When a tortfeasor dies, Tennessee Code Annotated § 28-1-110 acts to suspend, or toll, the statute of limitations for a maximum of six months from the date of the death of the tortfeasor or until a personal representative has been appointed. Tenn. Code Ann. § 28-1-110; Tenn. Code Ann. § 20-5-103; *Carpenter v. Johnson*, 514 S.W.2d 868, 869 (Tenn. 1974) ("[Tennessee Code Annotated § 28-1-110] has the effect of suspending, or tolling, the statute of limitations for that period of time between the death of a person and the appointment of a representative of his estate, up to a period of six months.").[8] Once a personal representative has been appointed **or** six months has lapsed since the death of the tortfeasor, the statute of limitations period begins to run once again. *See* Tenn. Code Ann. § 28-1-110. Thus, in order to comply with the mandates of the survival statute, Appellants were required to force the appointment of an administrator ad litem of Mr. Litsinberger's estate and serve the personal representative with process prior to the expiration of the applicable statute of limitations in this case. We now turn to explain the applicability of the survival statute and its effect on the statute of limitations period in this case. Tenn. Code Ann. § 28-1-110; Tenn. Code Ann. § 20-5-103.

The determination of the applicable statute of limitations is a question of law, and our review is *de novo* upon the record without a presumption of correctness. *Jordan v. Marchetti*, No. 01A01-9607-CH-003401, 1997 WL 629955, at *2 (Tenn. Ct. App. Oct. 4, 1997). Under the common law, Appellants' causes of action against Mr. Litsinberger would have abated with his death, leaving Appellants with no remedy for injuries the decedent may have caused in this case. *See* Tenn. Code Ann. § 20-5-103. Because of the survival statute, Appellants' claims did not abate with Mr. Litsinberger's death; however, the survival statute provided the exclusive means by which Appellants could pursue their claims. *See* Tenn. Code Ann. § 20-5-103. When Mr. Litsinberger died on January 4, 2016, the survival statute in conjunction with Tennessee Code Annotated § 28-1-110

---

[6] For convenience of reference, the survival statute is codified at Tennessee Code Annotated § 20-5-103.

[7] Specifically Tennessee Code Annotated Section 28-1-110, suspending the statute of limitations pending the appointment of administration of the decedent's estate, provides:

> The time between the death of a person and the grant of letters testamentary or of administration on such person's estate, not exceeding six (6) months, and the six (6) months within which a personal representative is exempt from suit, is not to be taken as a part of the time limited for commencing actions which lie against the personal representative.

[8] *See Carpenter v. Johnson*, for an example of the survival statute's effect on the statute of limitations period when an administrator of the deceased tortfeasor's estate has been appointed. 514 S.W.2d at 870.

paused the statute of limitations period twenty-nine days before the period would have expired had Mr. Litsinberger not passed away. However, the statutes did not pause the statute of limitations indefinitely on the date of Mr. Litsinberger's death, i.e., January 4, 2016. The statutes tolled the statute of limitations only until either (1) a personal representative was appointed for Mr. Litsinberger or (2) six months passed from the date of Mr. Litsinberger's death (i.e. January 4, 2016). *See* Tenn. Code Ann. § 28-1-110; Tenn. Code Ann. § 20-5-103. Because no personal representative was appointed during the six month period following Mr. Litsinberger's death, on July 4, 2016, the statute of limitations recommenced. On July 4, 2016, twenty-nine days remained within the statutory period for Appellants to commence their suit in compliance with the survival statute before the statute of limitations expired. On August 2, 2016, this period ran before Appellants commenced this action against the personal representative of the deceased tortfeasor.[9] As a result, Appellants' claims are barred by the statute of limitations.

Appellants have put forth various legal theories in an attempt to convince the Court that their claims are not barred. Appellants have acknowledged that on February 26, 2016, Appellants' attorney's process server returned the original summons with a note stating that Mr. Litsinberger was deceased. However, Appellants argue that the note was not drawn to the attention of Appellants' attorney until July 18, 2016, when Ms. Putnam contacted her attorney's office to inquire about the status of her case. Although on July 18, 2016, fifteen days remained for Appellants to timely commence their suit in compliance with the survival statute, Appellants failed to do so. Instead, Appellants waited until October 21, 2016, to petition the probate court to appoint an administrator ad litem, and did not file the "Amended Complaint" until October 31, 2016.

Appellants argue that the statute of limitations did not expire on August 2, 2016, because they did not "discover" Mr. Litsinberger's death until July 18, 2016. Therefore, they argue that "the discovery rule tolled both the one-year period provided in Tennessee Code Annotated § 28-3-104 and the six-month period set forth in Tennessee Code

---

[9] For convenience and clarity, our analysis is explained in greater detail as follows. The accident occurred on February 2, 2015. A plaintiff bringing a personal injury claim must bring said claim within one year from the date when the injury accrued. Therefore, the one year within which the Appellants were required to file their complaint ended at the end of the same day of the following year, i.e., February 2, 2016. *See, e.g.*, *Coleman v. Dooley*, No. 79, 1991 WL 3313, at *1 (Tenn. Ct. App. Jan. 18, 1991). The day of the accident here is not counted in computing the statutory period. *See* Tenn. R. Civ. P. 6.01.

The survival statute and Tennessee Code Annotated § 28-1-110 effectively pressed pause on the running of the statute of limitations period when Mr. Litisinberger died on January 4, 2016. When Mr. Litsinberger died, 336 days had passed since the accident; therefore, twenty-nine (29) days remained before the one-year statute of limitations would have expired on February 2, 2016. Six months after January 4, 2016, the statute of limitations began to run again. So on July 4, 2016, the statutory period began to run again, leaving Appellants twenty-nine (29) days to timely commence their suit against the personal representative of Mr. Litsinberger. Twenty-nine (29) days from July 4, 2016 was Tuesday, August 2, 2016. Therefore, the statute of limitation expired on August 2, 2016.

Annotated § 28-1-110 until Plaintiffs discovered that Bryane R. Litsinberger had died." Appellants' application of the discovery rule in this way is incorrect.

As discussed above, the discovery rule protects plaintiffs who suffer latent injuries by preventing the statute of limitations from commencing until the plaintiff discovers or reasonably should have discovered that he or she has suffered an injury caused by the negligence of another. *See Terry*, 979 S.W.2d at 583 ("[T]he plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct."). The alleged injuries caused by Mr. Litsinberger undisputedly occurred on February 2, 2015. Appellants were fully aware of Mr. Litsinberger's identity and possible negligence. Thus, the statute of limitations period for claims arising out of his negligence commenced on February 2, 2015.

The survival statute does not create a new cause of action—it merely prevents an injured plaintiff's claim from abating by providing a remedy and means to pursue a claim against a tortfeasor who dies before the plaintiff has filed suit. *See, e.g.*, *Liput v. Grinder*, 405 S.W.3d 664, 672 (Tenn. Ct. App. 2013) ("Operation of the [s]urvival [s]tatute, however, does not create a new and independent cause of action, but merely preserves the cause of action that belonged to the person before the one who caused the injury died.") No new cause of action "arose" on July 18, 2016, extending the statutory period for filing Appellants' claim simply because Appellants failed to realize Mr. Litsinberger had died until that date. We agree with the trial court that Appellants' failure to comply with the survival statute by appropriately commencing this case until after the expiration of the statute of limitations bars their recovery.

### III. STANDING

Appellants additionally argue that the motion to dismiss should not have been granted because Appellee does not have standing due to Appellee's attorney styling the motion to dismiss in the name of "The Estate of Bryane R. Litsinberger" rather than in the name of "John W. Leach administrator ad litem of the Estate of Bryane R. Litsinberger." As a general matter, an "Estate" is not a legal entity. *McLean v. Chanabery*, 5 Tenn. App. 276 (1926). Accordingly, the motion to dismiss should have been styled in the name of "John W. Leach administrator ad litem of the Estate of Bryane R. Litsinberger." However, this technical deficiency will not save Appellants from the consequences of failing to commence this suit within the applicable statute of limitations period.

**CONCLUSION**

The judgment of the trial court dismissing this case is affirmed. Costs of the appeal are taxed to the Appellants, Julia and John Putnam, and their surety for which execution may issue, if necessary.

_____
ARNOLD B. GOLDIN, JUDGE