IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 2, 2020 Session

## VERNON MOTT v. K. JEFFREY LUETHKE, ESQ., ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 37650          Jean A. Stanley, Judge**

_____

**No. E2020-00317-COA-R3-CV**
_____

Following an automobile accident that occurred on March 22, 2016, the plaintiff filed a cause of action, in the form of a civil summons, in the Washington County General Sessions Court ("general sessions court") on March 3, 2017, seeking an award of damages from the defendant, who was the other driver involved in the car accident. Unbeknownst to the plaintiff, however, the defendant had passed away in December 2016. On January 31, 2018, the plaintiff filed a "re-issue[d]" summons to be served upon the administrator *ad litem* of the decedent's estate. After the matter was subsequently transferred to Washington County Circuit Court ("trial court"), the trial court granted the administrator's motion for summary judgment, determining that the plaintiff had failed to timely file his tort action against the personal representative within the applicable statute of limitations. The trial court consequently dismissed the plaintiff's claims with prejudice. The plaintiff has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

George Todd East, Kingsport, Tennessee, for the appellant, Vernon Mott.

Bradley E. Griffith, Johnson City, Tennessee, for the appellee, K. Jeffrey Luethke, Esq., as Administrator of the Estate of Julie Grocki.

**OPINION**

I.  Factual and Procedural Background

On March 3, 2017, the plaintiff, Vernon Mott, filed a civil action in general sessions court, seeking an award of damages from the original defendant, Julie Grocki, related to an automobile accident that occurred on March 22, 2016. *See* Tenn. Code Ann. § 16-15-710 (2009). However, Ms. Grocki ("Decedent") had passed away on December 7, 2016. Mr. Mott filed a petition for appointment of an administrator *ad litem* on August 30, 2017, seeking the appointment of attorney K. Jeffrey Luethke as the personal representative of Decedent's estate. On October 31, 2017, the Washington County Chancery Court, Probate Division, ("probate court"), entered an order appointing Mr. Luethke as administrator *ad litem* of Decedent's estate ("Administrator"), due to the pending tort action. The probate court's order also stated that Decedent appeared to have died intestate with unknown heirs. On January 31, 2018, Mr. Mott filed a "re-issue[d]" civil summons in general sessions court and caused it to be served upon Administrator. On March 12, 2018, attorney Bradley E. Griffith entered a notice of appearance on behalf of Administrator.

On April 12, 2018, the parties entered an agreed order transferring the matter to the trial court. Nearly one year later, on February 6, 2019, Administrator filed a motion for summary judgment, asserting that Mr. Mott had failed to initiate an action against him within the six-month period provided by the survival statute, codified at Tennessee Code Annotated § 28-1-110. Administrator further asserted that Mr. Mott had failed to comply with the provisions of Tennessee Code Annotated §§ 28-3-104 and 20-5-103.

On December 2, 2019, Mr. Mott filed a response, asserting that genuine issues of material fact existed that would preclude a grant of summary judgment. For support, Mr. Mott averred that his counsel had been in contact with Decedent's representatives as early as June 2016 prior to her death. Mr. Mott stated that although he was unaware of Decedent's death when he filed his original action on March 3, 2017, he timely petitioned for appointment of an administrator *ad litem* in August 2017 when he learned that Decedent had passed away. Mr. Mott also asserted that the action naming Administrator as the party defendant should relate back to the filing date of his cause of action against Decedent pursuant to Tennessee Rule of Civil Procedure 15.03.

Following a hearing conducted on December 9, 2019, the trial court entered a written order on February 11, 2020, granting summary judgment in favor of Administrator. The trial court stated in the order in relevant part:

> The Court finds that [Mr. Mott] failed to comply with Tennessee Code Annotated § 20-5-103 in that he failed to properly bring the cause of action against [Administrator] within the statute of limitations for this matter located in Tennessee Code Annotated § 28-3-104 and § 28-1-110 that extends the statute of limitations by six (6) months. The Court also finds that [Mr. Mott's] filing against [Administrator] did not relate back to the filing of the cause of action against [Decedent] . . . .

- 2 -

The trial court thereby dismissed Mr. Mott's claims with prejudice. Mr. Mott timely appealed.

## II. Issues Presented

Mr. Mott has raised two issues on appeal, which we have restated slightly as follows:

1.      Whether the trial court erred by not finding that the "re-issue[d]" civil summons, served upon Administrator, did not relate back to the filing of the initial civil summons against Decedent pursuant to Tennessee Rule of Civil Procedure 15.03.

2.      Whether the trial court erred by granting summary judgment in favor of Administrator upon finding that Mr. Mott had failed to comply with Tennessee Code Annotated § 20-5-103 by failing to name Administrator as a party defendant within the statute of limitations period set forth in Tennessee Code Annotated §§ 28-3-104 and 28-1-110.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. Whether a claim is barred by a statute of limitations is a matter of law. *Black v. Khel*, No. W2020-00228-COA-R3-CV, 2020 WL 7786951, at *2 (Tenn. Ct. App. Dec. 30, 2020) (citing *Brown v. Erachem Comilog, Inc.*, 231 S.W.3d 918, 921 (Tenn. 2007)).

As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion

that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348 [89 L.Ed.2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV. Tennessee Rule of Civil Procedure 15.03

We first address Mr. Mott's argument that the trial court erred by determining that the filing of the civil summons against Administrator did not relate back to the filing date of the summons naming Decedent as the party defendant pursuant to Tennessee Rule of Civil Procedure 15.03. Rule 15.03 provides:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Mr. Mott asserts that a genuine issue of material fact exists regarding the timeliness of the filing of the summons against Administrator because Rule 15.03 mandates that this filing should have related back to the initial filing date of the summons naming Decedent as the party defendant. Upon careful review, we disagree and determine Rule 15.03 to be inapplicable to the present case.

> Tennessee Rule of Civil Procedure 1 provides:
>
> Subject to exceptions as are stated in particular rules, the Rules of Civil Procedure shall govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts. These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.
>
> The Rules of Civil Procedure shall not apply to general sessions courts except as follows:
>
> > (1) The rules shall apply to general sessions courts exercising civil jurisdiction of the circuit or chancery courts;
> >
> > (2) The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court; and

(3)     Rule of Civil Procedure 69 governing execution on judgments shall apply to civil judgments obtained in general sessions courts.

(Emphasis added.)

Our Supreme Court has previously explained that the Tennessee Rules of Civil Procedure "are expressly not applicable in the general sessions court, except in those instances where that court exercises equivalent jurisdiction to circuit or chancery by virtue of a special statutory provision." *Vinson v. Mills*, 530 S.W.2d 761, 765 (Tenn. 1975). Specifically, with regard to Rule 15.03, this Court has cited Rule 1 and *Vinson* when rejecting the application of Rule 15.03 in the context of a civil warrant filed in general sessions court. *See State Farm Mut. Auto. Ins. Co. v. Blondin*, No. M2014-01756-COA-R3-CV, 2016 WL 1019609, at *3 (Tenn. Ct. App. Mar. 14, 2016).

In his appellate reply brief, Mr. Mott nevertheless contends that Rule 15.03 applies to the instant case and references the following portion of Rule 1 in support thereof: "The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court." Tenn. R. Civ. P. 1(2). We note, however, the key distinction in the above-quoted portion of Rule 1 is that the rules apply "after . . . transfer of a general sessions civil lawsuit to circuit court." *Id.* (emphasis added). Inasmuch as Mr. Mott's filing of both the summons against Decedent on March 3, 2017, and the summons against Administrator on January 31, 2018, occurred in general sessions court, prior to the transfer of the action to the trial court, we determine that Rule 15.03 is inapplicable.[1]

Mr. Mott additionally relies on *Vincent v. CNA Ins. Co.*, No. M2001-02213-COA-R3-CV, 2002 WL 31863290 (Tenn. Ct. App. Dec. 23, 2002), in which this Court analyzed the application of Rule 15.03. However, for the reasons stated above, we determine Rule 15.03 to be inapplicable. We also determine *Vincent* to be factually and procedurally distinguishable because in that case, the plaintiff first filed an action in general sessions court and subsequently filed a motion to amend her complaint to change the named party defendant after the case was transferred to circuit court. *Id.*

In the case at bar, Mr. Mott filed both summonses in general sessions court before the case was transferred to the trial court. For the foregoing reasons, we determine Mr. Mott's arguments concerning Rule 15.03 to be unavailing inasmuch as but for certain exceptions, the Tennessee Rules of Civil Procedure do not apply to proceedings in general

---

[1] We note that one procedure for adding or substituting a party to an action in general sessions court, unlike the procedure in circuit or chancery courts, is provided in Tennessee Code Annotated § 16-15-729 (2009), which requires the general sessions court to "allow all amendments in the form of . . . the parties thereto . . . upon such terms as may be deemed just and proper."

sessions court. *See* Tenn. R. Civ. P. 1; *see also Vinson*, 530 S.W.2d at 765; *Blondin*, 2016 WL 1019609, at \*3. We will therefore proceed to analyze the applicability of the relevant statute of limitations period to the present facts.

In Tennessee, the statute of limitations for personal injury cases is one year from the date of the occurrence. *See* Tenn. Code Ann. § 28-3-104 (a)(1)(A) (2017) ("[T]he following actions shall be commenced within one (1) year after the cause of action accrued: . . . injuries to the person . . . ."). Upon the death of a party, Tennessee Code Annotated § 20-5-103(a) (2009), also known as Tennessee's survival statute ("survival statute"), provides:

> In all cases where a person commits a tortious or wrongful act causing injury or death to another, or property damage, and the person committing the wrongful act dies before suit is instituted to recover damages, the death of that person shall not abate any cause of action that the plaintiff would have otherwise had, but the cause of action shall survive and may be prosecuted against the personal representative of the tort-feasor or wrongdoer.

Regarding the survival statute, this Court has previously stated:

> The statutory language is abundantly clear. The cause of action survives only against "the personal representative of the tort-feasor [sic] or wrongdoer." *Id.* At common law, no cause of action existed against a deceased tortfeasor for personal injury. *Brooks v. Garner,* 194 Tenn. 624, 254 S.W.2d 736, 737 (1953). The cause of action abated at the time of death. *Id.* "Since the statute defines the exclusive remedy and the steps to be taken to secure it, <u>those steps must be strictly followed</u>." *Id.* The action available under the statute "may only be instituted against the personal representative of the tort-feasor [sic]." *Goss v. Hutchins*, 751 S.W.2d 821, 824 (Tenn. 1988) (*citing Brooks,* 254 S.W.2d at 737). The law protects an injured person from the possibility that no estate is opened for the tortfeasor by allowing the injured person to petition the chancery court to appoint an administrator for the limited purpose of serving as the defendant in the lawsuit. Tenn. Code Ann. § 30-1-109 (2007).

*Vaughn v. Morton*, 371 S.W.3d 116, 120 (Tenn. Ct. App. 2012) (emphasis added).

In addition, upon the death of an alleged tortfeasor, Tennessee Code Annotated § 28-1-110 (2017) operates to toll or suspend the statute of limitations between the death of the alleged tortfeasor and the appointment of the estate's representative for a period not to exceed six months. *See e.g.*, *Algee v. Craig*, No. W2019-00587-COA-R3-CV, 2020 WL 1527234, at \*1 n.2 (Tenn. Ct. App. Mar. 31, 2020). "Once a personal representative has been appointed or six months has lapsed since the death of the tortfeasor, the statute of

limitations begins to run again." *Putnam v. Leach*, 572 S.W.3d 605, 611 (Tenn. Ct. App. 2018).

We believe this Court's decision in *Vaughn*, 371 S.W.3d 116, is particularly instructive. In *Vaughn*, following an automobile accident, the plaintiff driver initiated a personal injury action solely against the other driver, who died within a year of the incident. *Id*. at 116. When the plaintiff learned of the driver's death, he filed an application in chancery court seeking to appoint an administrator *ad litem*, and an administrator was subsequently appointed approximately fifteen months after the incident. *Id*. at 117. Some nineteen months following the automobile accident, the plaintiff filed a motion to amend the complaint to substitute the administrator as the defendant. *Id*. Upon the administrator's motion to dismiss, the chancery court entered an order granting the motion, and the plaintiff appealed. *Id*. at 119. On appeal in *Vaughn*, this Court affirmed the trial court's decision, noting that the survival statute and procedures therein must be strictly construed, *see Brooks v. Garner*, 254 S.W.2d 736, 737 (Tenn. 1953), and that the plaintiff failed to "strictly follow" the "last mandatory step of securing the naming of the personal representative <u>as the defendant</u> before the expiration of the statute of limitations." *Vaughn*, 371 S.W.3d at 120 (emphasis added). This Court determined that expiration of the statute of limitations was "fatal" to the plaintiff's action. *Id*.

In the case at bar, it is undisputed that the automobile accident in question occurred on March 22, 2016, establishing the commencement of the one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A). Decedent's death occurred on December 7, 2016, three months and fourteen days before the expiration of the one-year statute of limitations, had Decedent survived. Upon Decedent's death, the statute of limitations was tolled for up to six months from Decedent's death until either (1) a personal representative was appointed or (2) six months passed from the date of Decedent's death, *i.e.*, June 7, 2017. *See* Tenn. Code Ann. § 28-1-110; *see also Putnam v. Leach*, 572 S.W.3d 605, 612 (Tenn. Ct. App. 2018) ("[T]he statutes did not pause the statute of limitations indefinitely on the date of [the decedent's] death . . . ."). Because no personal representative was appointed during the six-month period following Decedent's death, on June 7, 2017, the statute of limitations began to run again. On June 7, 2017, three months and fourteen days remained within the original limitation period for Mr. Mott to prosecute his cause of action in compliance with the survival statute prior to the expiration of the statute of limitations. Accordingly, on September 20, 2017, the applicable limitations period expired before Mr. Mott filed a summons naming Administrator as the party defendant on January 31, 2018.

Although Mr. Mott filed the initial civil summons against Decedent within one year of the automobile accident, Decedent's death rendered her an improper party defendant to the action. The "only proper defendant in a case that seeks to impose liability for the actions or omissions of a deceased tortfeasor is the personal representative of the deceased tortfeasor." *Vaughn*, 371 S.W.3d at 121. Thus, like the plaintiff in *Vaughn*, although Mr. Mott petitioned that a personal representative, Administrator, be appointed, he did not take

further action by substituting Administrator as the proper party defendant before the date of expiration for the statute of limitations, September 20, 2017. The survival statute, which this Court has previously found to be "abundantly clear," *see Vaughn* 371 S.W.3d at 120, provides in relevant part that "the cause of action shall survive and may be <u>prosecuted against the personal representative</u> of the tort-feasor or wrongdoer," *see* Tenn. Code Ann. § 20-5-103 (emphasis added). As our Supreme Court has instructed: "Since the statute defines the exclusive remedy and the steps to be taken to secure it, those steps must be strictly followed." *Brooks*, 254 S.W.2d at 737. As in *Vaughn*, Mr. Mott's failure to strictly follow the final mandatory step of the survival statute prior to the expiration of the statute of limitations "is fatal" to this action. *See Vaughn*, 371 S.W.3d at 120. We therefore determine that the trial court did not err in its determination that Mr. Mott failed to file a proper action within the statute of limitations period.

Additionally, Mr. Mott ostensibly argues that by filing his petition for appointment of an administrator *ad litem* prior to the expiration of the statute of limitations, Administrator was aware of Mr. Mott's intention to name him as the proper party defendant and that Administrator's purported awareness was sufficient. However, because the procedures to be utilized under the survival statute must be "strictly followed," *see Brooks,* 254 S.W.2d at 737, we determine this argument to be unavailing. This Court has previously summarized the steps required to "strictly follow" the survival statute as "to force the appointment of an administrator *ad litem* of [the decedent's] estate <u>and</u> serve the personal representative with process <u>prior to the expiration of the applicable statute of limitations</u>. . . ." *Putnam*, 572 S.W.3d at 611-12 (emphasis added).

Moreover, this Court has routinely affirmed the dismissal of actions when the survival statute is not "strictly followed" and the statute of limitations consequently expires. *See id.* at 612 (failure to timely file the action against the personal representative of the deceased tortfeasor within the applicable statute of limitations period resulted in the plaintiff's claims becoming barred and thereby dismissed); *see also Vaughn*, 371 S.W.3d at 120 ("The Plaintiff's failure to 'strictly follow' that last mandatory step of securing the naming of the personal representative *as the defendant* before the expiration of the statute of limitations is fatal to his action under our holding in *Bryant*."); *Khah v. Capley*, No. M2018-02189-COA-R3-CV, 2019 WL 5618778, at *3 (Tenn. Ct. App. Oct. 31, 2019) ("Ms. Khah failed to appropriately commence her case within the statute of limitations. So we affirm the trial court's dismissal of the action."); *Bryant*, 2009 WL 1065936, at *4 ("Having failed to follow the steps of the survival statute . . . before the expiration of the statute of limitations . . . the action is time barred.").

We therefore determine that Mr. Mott's failure to "strictly follow" the required steps of the survival statute, particularly the requirements that he prosecute the cause of action

and name Administrator as the defendant prior to the expiration of the statute of limitations, is fatal to his action. We therefore affirm the trial court's judgment.[2]

## V. Equitable Estoppel

Within his argument that the trial court erred in granting summary judgment in favor of Administrator, Mr. Mott contends that a genuine issue of material fact exists concerning whether Administrator should have been equitably estopped from asserting the statute of limitations as a defense to this action. In support, Mr. Mott quotes a portion of a letter sent to him from Administrator's counsel prior to the expiration of the statute of limitations. Notably, the letter itself only appears in the appellate record as an "exhibit" to Mr. Mott's response to Administrator's motion for summary judgment and is unsupported by an affidavit. This Court, on previous occasion, has addressed such a circumstance. *See Cox v. Tenn. Farmers Mut. Ins. Co.*, 297 S.W.3d 237, 245-46 (Tenn. Ct. App. 2009).

In *Cox*, a lawsuit commenced over a dispute concerning an insurance contract. *Id*. at 239. Following the defendant's filing of a motion for partial summary judgment, the plaintiffs responded and in support thereof attached nine exhibits to their response, all of which were letters exchanged between the plaintiffs and the defendant insurance company. *Id*. at 245. The trial court, in granting summary judgment, declined to consider the nine exhibits attached to the plaintiffs' response. *Id*. at 247. On appeal in *Cox*, this Court affirmed the trial court's grant of summary judgment. *Id*. When addressing the attached exhibits, this Court concluded that the trial court was correct in not considering them, stating:

> These documents . . . are not admissible in evidence as they have not been authenticated. Tenn. R. Civ. P. Rule 56.06 provides:
>
> > Supporting and opposing affidavits shall be made on personal knowledge, such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . .
>
> Plaintiffs merely attached these nine documents to their memorandum, and did not have the documents authenticated by affidavit. *See Dalton v. Dale,*

---

[2] Mr. Mott additionally argues that the trial court "effectively abrogated" Tennessee Rule of Civil Procedure 15.03. In support thereof, Mr. Mott relies on several decisions for his proposition. None of the decisions referenced by Mr. Mott contemplate the survival statute or any statute related to the survival statute. Furthermore, Rule 15.03 was not abrogated by the trial court's determination or our affirmance thereof. Rather, we determine that Rule 15.03 is not applicable in this case. *See* Tenn. R. Civ. P. 1; *see also Blondin,* 2016 WL 1019609, at *3. We therefore determine Mr. Mott's argument in this regard to be unavailing.

No. M2002-01205-COA-R3-CV, 2003 WL 726669 (Tenn. Ct. App. Mar. 4, 2003). *See also Price v. Becker,* 812 S.W.2d 597, 598 (Tenn. Ct. App. 1991).

*Id*. at 246. Similarly, here, pursuant to Tennessee Rule of Civil Procedure 56.06, the letter attached as an exhibit to Mr. Mott's response to the motion for summary judgment cannot be considered because it was not authenticated by affidavit. *See id.* Thus, we will proceed with our analysis concerning the issue of equitable estoppel without respect to the letter.

Our Supreme Court has previously elucidated the doctrine of equitable estoppel within the context of a statute of limitations as follows:

> The doctrine of equitable estoppel arises from the equitable maxim that no person may take advantage of his or her own wrong. In the context of a defense predicated on a statute of limitations, the doctrine of equitable estoppel tolls the running of the statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period. *Fahrner v. SW Mfg., Inc.,* 48 S.W.3d [141,] 145 [Tenn. 2001]; *Ingram v. Earthman,* 993 S.W.2d 611, 633 (Tenn. Ct. App. 1998). When the doctrine of equitable estoppel is applicable, it prevents a defendant from asserting what could be an otherwise valid statute of limitations defense. *Hardcastle v. Harris,* 170 S.W.3d 67, 84 (Tenn. Ct. App. 2004).

> The party invoking the doctrine of equitable estoppel has the burden of proof. *Hardcastle v. Harris,* 170 S.W.3d at 85. Thus, whenever a defendant has made out a prima facie statute of limitations defense, the plaintiff must demonstrate that the defendant induced him or her to put off filing suit by identifying specific promises, inducements, suggestions, representations, assurances, or other similar conduct by the defendant that the defendant knew, or reasonably should have known, would induce the plaintiff to delay filing suit. *Fahrner v. SW Mfg., Inc.,* 48 S.W.3d at 145; *Hardcastle v. Harris,* 170 S.W.3d at 85. The plaintiff "must also demonstrate that [his or her] delay in filing suit was not attributable to [his or her] own lack of diligence." *Hardcastle v. Harris,* 170 S.W.3d at 85.

> The doctrine of equitable estoppel applies only when the defendant engages in misconduct. *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon,* 318 S.W.3d [839,] 849 [Tenn. 2010] (quoting *Norton v. Everhart,* 895 S.W.2d [317,] 321 [Tenn. 1995]). Examples of circumstances which have prompted the courts to invoke the doctrine of equitable estoppel to prevent a defendant from asserting a statute of limitations defense include: (1) when a defendant promises not to assert a statute of limitations defense, (2) when a defendant promises to pay or otherwise satisfy the plaintiff's claim without requiring the plaintiff to file suit, and (3) when a defendant

promises to settle a claim without litigation following the conclusion of another proceeding between the defendant and a third party.

In the context of defenses predicated on a statute of limitations, the doctrine of equitable estoppel always involves allegations that the defendant misled the plaintiff. *Fahrner v. SW Mfg., Inc.,* 48 S.W.3d at 146. The focus of an equitable estoppel inquiry "is on the defendant's conduct and the reasonableness of the plaintiff's reliance on that conduct." *Hardcastle v. Harris,* 170 S.W.3d at 85; *see also Fahrner v. SW Mfg., Inc.,* 48 S.W.3d at 146. Determining whether to invoke the doctrine of equitable estoppel to counter a statute of limitations defense requires the courts to examine the facts and circumstances of the case to determine whether the defendant's conduct is sufficiently unfair or misleading to outweigh the public policy favoring the enforcement of statutes of limitations. *Hardcastle v. Harris,* 170 S.W.3d at 85.

Plaintiffs asserting equitable estoppel must have acted diligently in pursuing their claims both before and after the defendant induced them to refrain from filing suit. The statute of limitations is tolled for the period during which the defendant misled the plaintiff. *Fahrner v. SW Mfg., Inc.,* 48 S.W.3d at 146; *Lusk v. Consolidated Aluminum Corp.,* 655 S.W.2d 917, 920-21 (Tenn. 1983). The plaintiff must demonstrate that suit was timely filed after the plaintiff knew or, in the exercise of reasonable diligence, should have known that the conduct giving rise to the equitable estoppel claim had ceased to be operational. *See Ingram v. Earthman,* 993 S.W.2d at 633. At the point when the plaintiff knows or should know that the defendant has misled him or her, the original statute of limitations begins to run anew, and the plaintiff must file his or her claim within the statutory limitations period. *Fahrner v. SW Mfg., Inc.,* 48 S.W.3d at 146.

*Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460-61 (Tenn. 2012) (internal footnotes omitted).

During the December 9, 2019 hearing, the trial court heard arguments from counsel concerning the doctrine of equitable estoppel. After considering the proof, the court stated:

Now, we have an argument here that the Court should find equitable estoppel applies in that somehow there was an inducement not to follow those statutory commands. The Court cannot find that. . . . I just don't think I can apply it here where I have these statutes abrogating common law. So, the short answer, the Motion for Summary Judgment is granted.

The trial court subsequently memorialized its ruling in the February 11, 2020 order granting summary judgment and concluded that Mr. Mott failed to comply with the survival statute because he did not timely file the cause of action against Administrator within the statute of limitations. Following our thorough review of the record, we agree with the trial court and determine that the evidence in the record was insufficient to give rise to equitable estoppel.

We note that in the context of the statute of limitations, the doctrine of equitable estoppel is not favored under Tennessee law. *See Robinson v. Tenn. Farmers Mut. Ins. Co.*, 857 S.W.2d 559, 563 (Tenn. Ct. App. 1993). Furthermore, the party who is invoking the doctrine of equitable estoppel bears the burden of proof. *See Redwing*, 363 S.W.3d at 460. Mr. Mott has not carried his burden to demonstrate the existence of equitable estoppel under these facts. Rather, the totality of the evidence demonstrates that Mr. Mott did not act diligently to timely file his cause of action against Administrator prior to the expiration of the statute of limitations. He delayed filing his lawsuit against Administrator despite the risks associated with doing so. In his brief, in addition to the letter, Mr. Mott also references "the course of conduct by the representatives and counsel" as cause for his delay in filing suit. However, apart from the letter, Mr. Mott does not cite to any evidence in the record that demonstrates a course of conduct that indicates Administrator or his counsel "engage[d] in misconduct" leading to the inducement of Mr. Mott to delay filing his lawsuit. *See id*. We therefore conclude that Mr. Mott has not carried his burden of proof concerning equitable estoppel and affirm the trial court's grant of summary judgment in this regard as well.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects. This case is remanded to the trial court for enforcement of the judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Vernon Mott.

s/ Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE

- 13 -